UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROSALITA CHRISTMAN, et al.,  )<br>  )<br>            Plaintiffs,  )<br>   vs.  )<br>  )<br>DEPARTMENT OF THE AIR FORCE;  )<br>DOES 1 through 20; and ROE ENTITIES  )<br>1 through 20, inclusive,  )<br>  )<br>            Defendants.  )<br>  ) | Case No.: 2:10-cv-00265-GMN-LRL<br><br>**ORDER** |

Pending before the Court is Defendant Department of the Air Force's ("Defendant") Motion to Dismiss (ECF No. 6). Plaintiffs have filed a Response (ECF No. 8), to which Defendant filed a Reply (ECF No. 13).

**I.   BACKGROUND**

On or about August 9, 2007, Plaintiff Rosalita Christman, a resident of Clark County, Nevada, drove her Honda Accord through the entrance of Nellis Air Force Base. (Compl. ¶ 6, ECF No. 1.) Her Complaint alleges that once she was past "the guard gate at the entrance," (*id.* ¶ 6), a car driven by Jacob Bergstein "proceeded past the security gate, when an agent for either USProtect or the DEPARTMENT OF THE AIR FORCE negligently set in motion a security device, which caused severe and permanent injury to Plaintiff Rosalita Christman," (*id.* ¶ 7). No other facts are given to explain the circumstances surrounding Ms. Christman's injuries except that Plaintiff Marshall Christman alleges he suffered a loss of consortium.

Pursuant to 28 U.S.C. § 2675(a), Plaintiffs presented their claims to the Department of the Air Force on August 5, 2009. (Compl. ¶ 5.) However, the Department of the Air

Force denied the claims in a letter dated August 25, 2009. (*Id.*) Plaintiffs subsequently filed their Complaint in this Court on February 24, 2010 under the Federal Tort Claims Act ("FTCA"), naming the Department of the Air Force, Does 1 through 20, and Roes 1 through 20 as Defendants. The date of this filing, February 24, 2010, was only one day prior to the date on which the statute of limitations would have expired. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless . . . action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.").

## II.  LEGAL STANDARDS

### A.  12(b)(1)

Defendant's Motion (ECF No. 6) seeks dismissal for lack of subject matter jurisdiction, failure to state a claim, and lack of personal jurisdiction. A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may be construed in one of two ways. *Thornhill Publishing Co., Inc. v. General Tel. & Elec. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979). It may be described as 'facial,' meaning that it attacks the sufficiency of the allegations to support subject matter jurisdiction. *Id.* Or it may be described as 'factual,' meaning that it "attack[s] the existence of subject matter jurisdiction in fact." *Id.* Unless subject matter jurisdiction is affirmatively pled, the court will presume that it lacks subject matter jurisdiction. *Stock West, Inc. v. Confederated Tribes of the Colville Reservation,* 873 F.2d 1221, 1225 (9th Cir. 1989).

When a court considers a 'facial' attack made pursuant to Rule 12(b)(1), it must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff. *Love v. United States,* 915 F.2d 1242, 1245 (9th Cir. 1989).

Unlike a 'facial' attack, a 'factual' attack made pursuant to Rule 12(b)(1) may be accompanied by extrinsic evidence. *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir.

1989); *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.,* 813 F.2d 1553, 1558 (9th Cir. 1987). The opposing party must then "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair,* 880 F.2d at 201.  When considering a factual attack on subject matter jurisdiction, "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir. 1983).  "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill Publishing Co., Inc.,* 594 F.2d at 733 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3rd Cir. 1977)).

However, "[t]he relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction . . . where issues of jurisdiction and substance are intertwined. A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.' " *Roberts v. Corrothers,* 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *Augustine,* 704 F.2d at 1077).  In such cases, "the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Augustine,* 704 F.2d at 1077.

**B.   12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to

dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In considering whether the complaint is sufficient to state a claim, a court takes all material allegations as true and construes them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

**III.   DISCUSSION**

The United States is the only proper defendant in a suit brought pursuant to the FTCA. *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998); *Kennedy v. United States Postal Service,* 145 F.3d 1077, 1078 (9th Cir. 1998).  Further, "[a] claim against [a federal agency] in its own name is not a claim against the United States." *Kennedy*, 145 F.3d at 1078.  Nor is a federal agency a proper defendant under the FTCA. *Craft*, 157 F.3d at 706.

Thus, because Plaintiffs failed to name the United States as a Defendant in this FTCA lawsuit, and instead named the Department of the Air Force, Plaintiffs' Complaint must be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. *See Whitehorn v. F.C.C.*, 235 F. Supp. 2d 1092, 1098 (D. Nev. 2002) (dismissing, for lack of subject matter jurisdiction and failure to state a claim, an FTCA claim in which the F.C.C. was named as a defendant but not the United States); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 475-76 (1994) (noting that, when applicable, the FTCA acts as a limited waiver of the United States' sovereign immunity and that

"[s]overeign immunity is jurisdictional in nature").

Although Plaintiffs requested that leave be granted for them to file an Amended Complaint should the Court determine that the Department of Air Force is an improper defendant in this lawsuit, (Resp. 8:5-10, ECF No. 8), such leave to amend would be inappropriate in this case.

"Only if the United States Attorney and the Attorney General receive notice of the suit prior to the running of the statute of limitations will a plaintiff be allowed to substitute the United States as a defendant under [Federal Rule of Civil Procedure] 15(c)." *Allen v. Veterans Admin.*, 749 F.2d 1386, 1390 (9th Cir. 1984). Here, Plaintiffs have provided no evidence that the United States Attorney or the United States Attorney General were put on notice of the suit prior to February 25, 2010--the date on which the statute of limitations expired. Indeed, there is no indication in the record that the United States Attorney General has ever been put on notice of this lawsuit. The closest Plaintiffs have come to providing the Attorney General with notice was serving a summons on the "Department of Air Force" at "950 Pennsylvania Ave., NW, Washington, DC 20530," which is the location of the Department of Justice's headquarters. (*See* ECF No. 15.) However, even that service was not completed until June 8, 2010--more than three months after the statute of limitations had run.

Furthermore, the fact that the Department of Air Force may have been put on notice of the suit prior to February 25, 2010 is immaterial, as "actual knowledge possessed by an agency will not be imputed to the United States," *id.* at 1389. Accordingly, Plaintiffs' Complaint will be dismissed without leave to amend. *See Whitehorn*, 235 F. Supp. 2d at 1098 (dismissing an FTCA claim without leave to amend where the F.C.C. was improperly named as the defendant and the United States Attorney General and United States Attorney's office did not receive notice of the lawsuit until after the statute of limitations

had run, even though the lawsuit itself was filed prior to the expiration of the statute of limitations).

Because dismissal without leave to amend is appropriate on the foregoing grounds, the Court need not also address Defendant's argument that the Complaint should be dismissed for lack of personal jurisdiction.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Department of the Air Force's Motion to Dismiss (ECF No. 6) is **GRANTED**.

DATED this 23rd day of March, 2011.

_____
Gloria M. Navarro
United States District Judge